UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

            Plaintiff,

– against –

NEW YORK CITY POLICE DEPARTMENT, *Jane Doe(s), John Doe(s)*,

            Defendant.

**ORDER**

26 Civ. 1127 (ER)

Ramos, D.J.:

    Jane Doe filed this employment discrimination action against the New York City Police Department John Doe(s) and Jane Doe(s) on February 10, 2026. Doc. 1. That same day, Jane Doe filed a motion to proceed under a pseudonym and an accompanying declaration in support of the motion. Docs. 3, 4.

    As a general rule, courts presume that any given action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Behind this presumption is a fundamental belief that the public has a right to know who is using the courts and for what general purpose. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (citations omitted). Where the suit involves a defendant's specific actions or a particular incident, open proceedings also further the judiciary's interest in a fair and accurate adjudication. *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006). Moreover, in civil cases involving potentially damaging allegations about a defendant's conduct, "basic fairness" requires that plaintiffs disclose their real names. *Mateer v. Ross, Suchoff, Egert, Hankin Maidenbaum & Mazel, P.C.*, No. 96 Civ. 175 (LAP), 1997 WL 171011, at *6 (S.D.N.Y. Apr. 10, 1997).

However, in certain extraordinary circumstances, particularly those that implicate serious individual privacy concerns, courts may, at their discretion, permit a litigant to proceed anonymously. *Doe v. City of New York*, 201 F.R.D. 100, 101 (S.D.N.Y. 2001). In *Sealed Plaintiff*, the Second Circuit set out the standard for determining whether the given circumstances warrant such an exception, holding that "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." 537 F.3d at 189. The Second Circuit has provided guidance in the form of ten non-exhaustive factors that courts may use to assess that balance:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms . . . ; (4) whether the [party or non-party] is particularly vulnerable to the possible harms of disclosure . . . ; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether [a party] is prejudiced by [proceeding] anonymously . . . ; (7) whether [the parties'] identit[ies] ha[ve] thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring [the parties or non-parties] to disclose [their] identit[ies]; (9) whether . . . there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the [parties or non-parties].

*Sealed Plaintiff*, 537 F.3d at 190 (internal alterations, internal quotation marks, and citations omitted).

Although the ten factors in *Sealed Plaintiff* are highly instructive, courts are not required to consider all or any of them, nor are they required to use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion. *Id.* at 191 n.4.

Doe does not provide the Court with sufficient information to evaluate her motion

to proceed under a pseudonym. Indeed, the motion contains no details as to why Jane Doe wishes to proceed under a pseudonym. Doc. 3. The declaration in support of the motion contains only one sentence regarding the reason for the application, which states in conclusory fashion: "The case is regarding sensitive data which is highly protected and confidential." Doc. 4.

As there is insufficient information to evaluate Doe's request to proceed under a pseudonym, the motion is denied without prejudice. Doe is free to file an amended motion and declaration, and if she does, she should include additional detail as to the type of sensitive information involved in this action, the risks of disclosing that information, whether Doe is particularly vulnerable, and any other facts Doe thinks important for the Court to consider. The Clerk of Court is respectfully directed to terminate the motion, Doc. 3.

It is SO ORDERED.

Dated:  February 20, 2026
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.